# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00639-KDB-DCK

| | |
|---|---|
| CHRISTOPHER P. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH POLLINO, ET AL.,<br><br>Defendants. | <u>ORDER</u> |

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 25). The Court has carefully considered this motion, Plaintiff's brief (the Defendants have not responded to the motion other than to indicate their opposition as reflected in Plaintiff's brief) and the record in this matter. For the reasons discussed briefly below, the Court will **GRANT** the motion.

## I. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to file an amended complaint be "freely given when justice so requires." Fed. R. Civ. Proc. 15. Consistent with that lenient standard, the Supreme Court has held that "[i]f the circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claim on the merits." *See Foman v. Davis,* 371 U.S. 178, 182 (1962). However, the opportunity to amend a complaint is not unbounded. Leave to amend a pleading should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." *Laber v. Harvey,* 438 F.3d 404, 426 (4th

Cir. 2006) (*quoting Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986), *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

## II. DISCUSSION

In this action, Plaintiff Christopher Smith asserts claims against the Defendants under 42 U.S.C. § 1983 related to Smith's efforts to seek political office and support other political candidates in the Village of Marvin. On December 31, 2019, Defendant Village of Marvin filed and served its motion to dismiss Plaintiff's claims (Doc. No. 13) followed by Defendants Lein and Marcolese's motions to dismiss on January 8, 2020 (Doc. No. 15), and finally, Defendants Jones, Pollino, and Lavelle's motions to dismiss on January 15, 2020 (Doc. No. 20). The Court has not ruled on these pending motions and none of the Defendants have answered the Complaint. This motion is Plaintiff's first request to amend his Complaint.

With due regard for the applicable standard that amendment should be freely permitted, the Court will allow Plaintiff to further amend its Complaint. While motions to dismiss have been filed and partially briefed, it would be most efficient to allow the amendment of the Complaint prior to ruling on those motions. Also, Defendants have made no argument that they would be prejudiced by the amendment, Plaintiff is acting in bad faith or that the amendment would be futile. Therefore, the Court finds that Plaintiff has made the minimal showing necessary to support an opportunity to amend his Complaint.

## III. ORDER

**NOW THEREFORE IT IS ORDERED THAT**:

1. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 25) is **GRANTED**;

2. The First Amended Complaint shall be filed on or before February 21, 2020; and

3. The Defendants' respective Motions to Dismiss (Doc. Nos. 13, 15 and 20) are **DENIED** as moot, without prejudice to Defendants' opportunity to refile those motions following the filing of the Amended Complaint.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 18, 2020

Kenneth D. Bell
United States District Judge